IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| RANDALL REED, INDIVIDUALLY | § | |
| AND AS ASSIGNEE OF JAMES | § | |
| HAWKINSON, INJURED | § | |
| | § | CIVIL ACTION NO. B-97-126 |
| VS | § | |
| | § | |
| | § | |
| PENN-AMERICA INSURANCE CO. | § | |

## MAGISTRATE JUDGE'S MEMORANDUM AND ORDER

Defendant, Penn-America Insurance Company ("Penn-America"), filed a Motion for Summary Judgment on January 12, 1998. Plaintiff, Randall Reed ("Reed"), responded to Penn-America's motion, and filed a Motion for Partial Summary Judgment on January 30, 1998. A brief opposing Reed's motion was filed by Penn-America on January 28, 1998. Penn-America filed a Supplemental Response to Reed's motion on February 25, 1998.

### FACTS

The genesis of the claims involved in this case was the injury suffered by Reed, a business invitee, on the premises of PARROT EYES WATER SPORTS, a South Padre Island business dedicated to water sports recreation.[1] After purchasing a beer at PARROT EYES ISLAND and an admission ticket to ride jet skis at PARROT EYES WATER SPORTS, Reed attempted to cross from a concrete slab onto a floating barge. In the process, Reed suffered an injury.

Reed filed suit against James Hawkinson ("Hawkinson") and Ron Guillot d/b/a PARROT

---

[1] Plaintiff's Motion for Partial Summary Judgment, Index No. 15, Exhibit "B", p. 2, Par. III.

EYES WATER SPORTS in the 107th Judicial District of Cameron County, Texas on May 15, 1995, Cause No. 95-05-2391-A.

Through Reed's counsel, Penn-America received notice of the claim in the above-mentioned cause of action in August or September 1995.[2] Penn-America hired Brush Country Claims, an adjusting firm, to investigate Reed's claim.[3] Brush Country suggested that Penn-America promptly inform Hawkinson that Penn-America's duty to defend Hawkinson arose only in suits against PARROT EYES ISLAND, a partnership consisting of Hawkinson and Mark Guillot, since Hawkinson's answer date was rapidly approaching.[4] Penn-America returned the pleadings to Brush Country, which, in turn, returned the pleadings to Hawkinson with a letter advising that there was no coverage under the insurance policy.[5] It is undisputed that the named insured on the policy was PARROT EYES ISLAND, an open air bar located at 6101 Padre Boulevard, South Padre Island, Texas owned by Mark Guillot and Jimmy Hawkinson.[6]

On May 6, 1996, Reed took a default judgment against Hawkinson and Ron Guillot for $75,000 with pre-judgment interest in the amount of $5,116.43, and 10% interest accruing thereafter. Approximately six months later, Hawkinson assigned his rights against Penn-American to Reed.

---

[2] Id at Exhibit "D", Deposition of William Spade, p. 9.

[3] Id at Exhibit "D", Deposition of William Spade, p. 10.

[4] Plaintiff's Motion for Partial Summary Judgment, Index No. 15, Exhibit "D", p. 12.

[5] Id.

[6] Plaintiff's Motion for Partial Summary Judgment, Index No. 15, p. 5; Reed recognizes that "James Hawkinson", as it appears in the style of the case, and "Jimmy Hawkinson", the name of the insured for purposes of the Parrot Eyes Island, are one and the same person, and Penn-America had knowledge of the different names being used at the time it denied coverage.

In bringing the current suit, Reed argues that Penn-America had a duty to defend Hawkinson, since the accident occurred **on the premises** covered by the insurance policy: 6101 Padre Boulevard, South Padre Island, Texas.[7] Despite Reed's admission that he "misnamed Hawkinson's partner and the name of the business," he argues that his purpose on the premises, at the time, was for "recreation and relaxation, a purpose consistent with Hawkinson's business of an open air bar."[8]

Penn-America contends that it was under no duty to defend and indemnify a business not covered in its insurance policy with Hawkinson.

## ORDER

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[9] In making this determination, the facts must be taken in the light most favorable to the nonmovant.

The primary issue before the court is whether the insurance policy covered the original defendants sued by Reed. In construing whether the insurance policy provided such coverage, this court must apply the general rules of contract construction.[10] As a general rule, unambiguous

---

[7] Id. at p. 6; Reed admits that Hawkinson operated the Parrot Eyes Island with Mark Guillot. Reed also recognizes that Hawkinson and Guillot leased a portion of the premises to Ron Guillot, Mark Guillot's brother and operator of the Parrot Eyes Water Sports. Reed admits that Hawkinson did not operate Parrot Water Sports.

[8] Id. at p. 8.

[9] Dawkins v. Sears Roebuck & Co., 109 F.3d 241, 241 (5th Cir. 1997).

[10] State Farm Life Insurance Company v. Beaston, 907 S.W.2d 430, 433 (Tex. 1995).

insurance policy terms are to be given their plain, ordinary and generally accepted meaning, unless the instrument itself shows the terms have been used in a technical or different sense.[11]  Whether an insurance policy is ambiguous is a question of law for the court to decide.[12]  If the terms of the policy are unambiguous, a court cannot vary those terms and must enforce the contract as written.[13]

After reviewing the insurance policy issued by Penn-America, this court finds that the terms are unambiguous, requiring that this court enforce the contract as written.  The terms of the policy clearly show that the policy's named insured was MARK GUILLOT AND JIMMY HAWKINSON DBA: PARROT EYES ISLAND.  Penn-America's duty to defend and indemnify arose only as to PARROT EYES ISLAND and not PARROT EYES WATER SPORTS.  The evidence demonstrates that Penn-America's risk exposure was limited to the restaurant business.  Thus, there exists no genuine issue of material fact as to the identity of the named insured and the type of risk exposure provided for in the insurance policy.

For the above-mentioned reasons, Penn-America's Motion for Summary Judgment is **GRANTED**.

Reed's Motion for Partial Summary Judgment is **DENIED**.

The Clerk of the Court shall send copies of this Memorandum and Order to counsel for all parties.

---

[11] Western Reserve Life Ins. Co. v. Meadows, 261 S.W.2d 554, 557 (1953), *cert. denied*, 347 U.S. 928 (1954).

[12] Yancy v. Floyd West and Co., 755 S.W.2d 914 (Tex. App.--Fort Worth 1988, writ denied).

[13] Royal Indemnity Company v. Marshall, 388 S.W.2d 176 (Tex. 1965).

DONE at Brownsville, Texas, this 5th day of August 1998.

*[signature]*
John Wm. Black
United States Magistrate Judge

ClibPDF - www.fastio.com